# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                     CASE NO: 8:16-cr-20-CEH-TBM

JOHN LEONIDAS CASTILLO

_____/

## ORDER

This matter comes before the Court on Defendant John Leonidas Castillo's Motion to Reduce Sentence (Doc. 107). In the motion, Castillo seeks a sentence reduction based on a retroactive application of a change to the sentencing guidelines known as Amendment 782.

Having considered the motion and being fully advised in its premises, the Court will deny Castillo's motion to reduce his sentence.

## Background

On January 27, 2017, Castillo was sentenced to a term of 120 months' imprisonment upon his guilty plea to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. Doc. 83 at 1-2. Castillo is currently incarcerated at FCI Forrest City Low.

In his motion, Castillo relies on a 2014 amendment of the sentencing guidelines, known as Amendment 782, that he states reduced by two levels defendants' offense levels. Doc. 107 at 1-2. He seeks a retroactive reduction in his sentence in accordance

with the amendment under 18 U.S.C. § 3582(c), asserting that although he was sentenced in 2017, "the record indicates that he did not benefit from this amendment." *Id.* at 2.

## Discussion

The Court, in general, may not modify a term of imprisonment once it has been imposed. *See United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (citing 18 U.S.C. § 3582(c)). 18 U.S.C. § 3582(c)(2) provides a limited exception in which a court may reduce the term of imprisonment based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission. The defendant, as the movant, bears the burden of proving his eligibility for a § 3582(c)(2) sentence reduction. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

Amendment 782 resulted from the United States Sentencing Commission's unanimous vote to amend the sentencing guidelines to lower most base offense levels by two levels across all drug types. *United States v. Maiello*, 805 F.3d 992, 994 (11th Cir. 2015). The amendment became effective immediately for defendants sentenced on or after November 1, 2014. *Id.* at 995.

Castillo was sentenced on January 27, 2017, more than two years after Amendment 782 went into effect. *See* Docs. 75, 83. He is therefore not eligible for a reduction in sentence based on Amendment 782 because he was already sentenced in accordance with it. As a result, there is no retroactive benefit to grant.

Castillo argues that "the record indicates that he did not benefit from this amendment" even though he was sentenced after it went into effect. Doc. 107 at 2.

2

The Court disagrees, and instead finds that he was sentenced in accordance with the 2014 guidelines amendments, including Amendment 782. The prior version of the sentencing guidelines mandated that 150 kilograms or more of cocaine resulted in a base offense level of 38, while the current guidelines state that between 150 and 450 kilograms result in level 36. *See* Editors' Notes to 2014 Amendments, U.S.S.G. § 2D1.1. Castillo was convicted of possessing 225 kilograms of cocaine, and his base offense level was calculated to be 36.[1] Doc. 75 at 5-6. The record therefore demonstrates that he received the benefit of the 2014 change to the sentencing guidelines.

Because Castillo is not eligible for a retroactive reduction in sentence, his motion is due to be denied.

Accordingly, it is **ORDERED**:

1. Defendant John Leonidas Castillo's Motion to Reduce Sentence (Doc. 107) is **DENIED**.

   **DONE** and **ORDERED** in Tampa, Florida on November 23, 2022.

   Charlene Edwards Honeywell
   United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] As Castillo correctly notes, his total offense level was found to be 31. *See* Doc. 107 at 1; Doc. 75 at 6.

3